IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>MONRO, INC., d/b/a Car-X Tire and Auto,<br>  Defendant. | CIVIL ACTION NO.<br><br>C O M P L A I N T<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to individuals who were adversely affected by such practices. As alleged with greater particularity below, Defendant Monro, Inc. d/b/a Car-X Tire and Auto ("Defendant" or "Monro") discriminated against a group of male and female employees assigned to work at auto service centers in Defendant's District 93 ("Aggrieved Individuals"), which encompasses several locations in Illinois and Iowa, when it subjected them to harassment based on sex.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed primarily within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a New York corporation doing business in the State of Illinois and the City of Chicago, in Cook County.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2018-04974 was filed with the Commission alleging violations of Title VII by Monro.

8. On February 11, 2021, the Commission issued to Monro a Letter of Determination finding reasonable cause to believe that Monro violated Title VII by discriminating against a group of employees in Illinois and Iowa, and specifically within Monro's District 93, by subjecting them to harassment because of their sex.

9. The Commission invited Monro to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Monro to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure a conciliation agreement acceptable to the Commission.

12. On August 31, 2021, the Commission issued to Monro a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least June 23, 2017, Monro has engaged in unlawful employment practices at Monro's facilities within Monro's District 93, which encompasses certain auto service centers in Illinois and Iowa, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-(a)(1). In particular:

   a. These practices included, but are not limited to, subjecting employees at locations within Monro's District 93 to repeated physical abuse and/or graphic sexual comments because of their sex. For example, employees regularly grabbed one male employee's groin, butt, and chest area, and simulated sex or "pumped" him from the side. This employee was also verbally harassed with sexual comments such as "Faggot how you doing," "when's the last time you had your butt licked." Another male employee was subjected to physical touching, including a supervisor rubbing a hammer along his butt, and sexual comments, such as "you have a nice butt" and "I'm going to put my dick in your ass.".

3

    b. These practices included, but are not limited to, subjecting at least one employee within District 93 to harassment that included frequent and offensive verbal comments and demeaning work assignments because of her sex. For example, a supervisor addressed her as "woman" and "bitch" rather than using her name and regularly assigned her to perform cleaning tasks and run personal errands for him rather than the duties normally associated with her technician job: working on cars.

    c. As a result of employee reports and otherwise, Monro knew or should have known about the harassment alleged above.

    d. Monro is strictly liable for sexual harassment committed by its supervisors.

15. The effect of the practices complained of above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

      B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

      C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

      D.      Order Defendant to make whole the Aggrieved Individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      E.      Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

      F.      Order Defendant to make whole the class of employees subjected to harassment by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

      G.      Order Defendant to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated: January 13, 2022

                                                CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M St., N.E.
Washington, D.C. 20507


GREGORY M. GOCHANOUR
Regional Attorney
Gregory.Gochanour@eeoc.gov

JUSTIN MULAIRE
Supervisory Trial Attorney
Justin.Mulaire@eeoc.gov

s/ Elizabeth B. Banaszak
ELIZABETH B. BANASZAK
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, IL 60604
(312) 872-9676
Elizabeth.Banaszak@eeoc.gov

ADRIENNE L. KAUFMAN
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720

        Minneapolis, MN 55401
        (612) 552-7315
        Adrienne.Kaufman@eeoc.gov