**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 1:22-cv-00220** |
| **MONRO, INC., d/b/a Car-X Tire and Auto,** | ) ) | |
| **Defendant.** | ) | |

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint commencing this action, in which it alleged that Monro, Inc., d/b/a Car-X Tire and Auto ("Defendant") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), when it subjected a group of male and female employees assigned to work at auto service centers in Defendant's District 93 to harassment based on sex.  Defendant Monro, Inc. filed an Answer denying any violations of Title VII.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendant have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

### FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    a.  This Court has jurisdiction over the subject matter of this action and the parties;

1

b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just;

c.  The rights of the parties and the public are adequately protected by this Decree;

d.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

e.  Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>INJUNCTION AGAINST DISCRIMINATION AND RETALIATION</u>

4.      Defendant, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from: (1) subjecting any employee employed in District 93 (regardless of their sex or gender or gender identity) to harassment on the basis of sex in violation of Title VII; (2) creating, facilitating, or tolerating the existence of a work environment that is hostile to employees within District 93 on the basis of sex; and (3) engaging in any form of retaliation against any person within District 93 because such person has opposed sex discrimination or sex harassment prohibited by Title VII, filed a charge of sex discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing related to sex discrimination or sex harassment under Title VII, or asserted any rights under this Decree.

<u>MONETARY RELIEF</u>

5.      Within the latter of thirty (30) calendar days of the approval of this Decree by the District Court or within thirty (30) calendar days after Defendant receives the Release, attached as **Exhibit A**, signed by the Aggrieved Individuals, Defendant shall pay the gross sum of $200,000 as compensatory damages for emotional distress to the currently identified four Aggrieved

Individuals, divided pursuant to the instructions of the EEOC exercising its sole discretion using the identified criteria of length of employment during the period of time that the alleged harassment was ongoing, severity of the alleged harassment (including whether physical touching was involved and how frequently), description of emotional distress, and participation in the litigation. Defendant shall issue an IRS Form 1099 to the Aggrieved Individuals. The Aggrieved Individuals shall be solely responsible for any taxes due on such amounts. Defendant shall send the Aggrieved Individuals' payments by check via Certified or Registered Mail to the mailing address provided by the EEOC. Contemporaneously, Defendant shall submit a copy of the check(s) to EEOC.

6.      If any portion of the monetary relief due to the Aggrieved Individuals is not issued and mailed to the Aggrieved Individuals within thirty (30) calendar days of the approval of this Decree by the District Court or thirty (30) calendar days after Defendant receive a Release, attached as **Exhibit A**, signed by the Aggrieved Individual, whichever is later ("Unpaid Amount"), then for each day beyond the thirtieth (30th) calendar day that such portion remains unpaid, Defendant shall pay to the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

<u>POLICIES AGAINST HARASSMENT AND RETALIATION</u>

7.      Within thirty (30) days of the date of the entry of this Decree, Defendant shall review its policies against sex discrimination, harassment, and retaliation (collectively, "Policies") and revise them, if necessary, so that such Policies include, at minimum, the following:

      a.      A prohibition against sexual harassment, including a definition of sexual harassment that makes clear that prohibited sex harassment can involve members of the same sex or gender, and examples of behavior that could be considered prohibited sexual harassment;

      b.      A prohibition against retaliation for complaining about sexual harassment;

c.   A provision that employees can complain of or report alleged sexual harassment or retaliation to any person in the chain of command above the employee or directly to any human resources personnel;

d.   A provision that employees are not required to complain of sexual harassment or retaliation to a person against whom they allege sex discrimination, harassment, or retaliation;

e.   A provision that managers who receive a complaint of sexual harassment or retaliation, or who witnesses or otherwise become aware of sexual harassment or retaliation, must report the conduct up the chain of command and/or to human resources.

f.   A provision that an employee found to have engaged in a violation of Defendant's sexual harassment policy may be subject to discipline, up to and including termination;

g.   A provision that Defendant will protect the confidentiality of sex harassment and retaliation complaints to the extent possible;

h.   A provision that all complaints of sex harassment or retaliation will be promptly investigated by a person who is trained to conduct such investigations, including interviews of all relevant and available witnesses and review of all relevant and available documentation;

i.   A provision that employees who complain of sexual harassment or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation in violation of Defendant's policy may be subject to discipline, up to and including termination; and

j.    A provision that, promptly upon the conclusion of its investigation of a sexual harassment complaint, Defendant will communicate to the complaining party the investigation has been concluded and steps have been taken to prevent a recurrence.

8.    The inclusion of Paragraph 7 in the Decree does not represent the EEOC's or the Court's approval of Defendant's policies against sexual harassment or retaliation.

9.    Within thirty (30) days of entry of the Decree, Defendant shall provide the EEOC with a copy of the Policies required by Paragraph 7 above. The EEOC will have twenty-one (21) calendar days to comment on the Policies. Defendant must consider any suggestions made by the EEOC with respect to their Policies and provide EEOC with a revised policy or response within seven (7) days of receiving EEOC's comments.  Provided EEOC has not sought the Court's assistance pursuant to Paragraph 19 within seven (7) days after Defendant's response, Defendant shall provide a digital copy of its Policies to all its employees within District 93. Thereafter, Defendant shall make its Policies available to new District 93 employees upon hire.

<u>TRAINING</u>

10.    During the term of this Decree, Defendant shall employ an outside/independent trainer(s), or shall instruct its in-house employment law counsel (if such individual was not involved in the events underlying this action), to provide annual training to all employees assigned to service centers within Defendant's District 93 (see **Exhibit C** for list of District 93 service centers) regarding Title VII's prohibition on sexual harassment and retaliation. All managers and human resources personnel who oversee employees assigned to Defendant's District 93 service centers shall attend a separate training session for such employees designed to cover their responsibilities under Title VII. The first training shall take place no later than one hundred and twenty (120) days after entry of the Decree. Defendant shall provide training at least once every

twelve (12) months for the duration of the Decree, with each subsequent training taking place within sixty (60) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

11.     The training for all employees required by Paragraph 10 will include the following elements:

a.     It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII, with at least one specific example related to comments or treatment that would be offensive because of sex;

b.     It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

c.     It will explain the avenues available for reporting incidents of harassment or other discrimination, including the right to file a charge with the EEOC, and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complainants and reporters will receive timely notice of whether the investigation has been concluded and steps have been taken to prevent a recurrence; that Defendant will take prompt and appropriate corrective action to remedy harassment and other discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential to extent practicable; and

d.     It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any behavior that violates Defendant's policies

6

prohibiting sexual harassment and retaliation, and it will explain how they can do so.

12.    The training required by Paragraph 10 for managers and human resources personnel shall also include the following elements:

   a.    How to recognize discrimination (including harassment);

   b.    How to take preventative and corrective measures against discrimination (including harassment);

   c.    Responsibilities of managers under equal employment opportunity laws and Defendant's policies;

   d.    How to properly handle and investigate complaints of discrimination (including harassment) in a neutral manner; and

   e.    How to prevent retaliation.

13.    Defendant shall obtain the EEOC's approval of its proposed trainer and training content and materials before the commencement of any training session required under Paragraph 10, above. Defendant shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Defendant's proposed trainer(s), training proposal, and/or training materials, Defendant shall have ten (10) business days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the

information described above to accept or reject the alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 19, below.

14.     No later than ten (10) business days after each training session described in Paragraph 10, above, takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

POSTING OF NOTICE

15.     No later than ten (10) business days after entry of this Decree, Defendant shall post copies of the Notice attached as **Exhibit B** to this Decree in conspicuous locations in the physical and electronic locations that are regularly used by Defendant for posting legal notices concerning employee rights (*e.g.*, bulletin boards, intranet) within Defendant's District 93. The Notices shall remain posted in this manner for the term of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Defendant shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

16.     No later than fifteen (15) business days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notices have been properly posted in accordance with Paragraph 15.

## RECORD KEEPING

17.     During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of sexual harassment or retaliation for sexual harassment complaints concerning any employee of Defendant within District 93. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

18.     Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

> a.     copies of all records described in Paragraph 17, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of sexual discrimination/harassment or retaliation for sexual harassment complaints were received during that period; and

b.    a certification by Defendant that the Notices required to be posted pursuant to Paragraph 15 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

<u>DISPUTE RESOLUTION</u>

19.    If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant seven (7) business days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within seven (7) business days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

20.    In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

<u>TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION</u>

21.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 19, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

22.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

23.     Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of the Charging Party to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency, provided, however, the amounts paid pursuant to this Decree are the sole amounts the Aggrieved Individuals are entitled to recover for the claims included in the Complaint in this action; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

24.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business that includes or incorporates District 93, or sale or other transfer of all or a substantial portion of any Defendant's assets that include or affect District 93, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

25.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management employee's knowledge, information, and belief.

26.     Defendant shall require personnel within their employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

27.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Monro Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604. By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail.

SO ORDERED, ADJUDGED, and DECREE on this 7th day of February 2023.

By the Court:

The Hon. Franklin U. Valderrama
United States District Judge

Agreed to in form and content:

For Plaintiff Equal Employment Opportunity
Commission

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507


s/ Gregory M. Gochanour (with consent)
Gregory M. Gochanour
Regional Attorney
230 S. Dearborn Street, Suite 2920
Chicago, Illinois  60604

Deborah Hamilton
Assistant Regional Attorney

Elizabeth B. Banaszak
Adrienne L. Kaufman
Trial Attorneys

For Defendant Monro, Inc., d/b/a Car-X Tire
and Auto


s/ Kimberly A. Jones (with consent)
Kimberly A. Jones
Daniel O. Ramón
Seyferth Blumenthal & Harris LLC
4801 Main Street, Suite 310
Kansas City, Missouri 64112

13

**EXHIBIT A**

## **RELEASE AGREEMENT**

In consideration of $_____ to be paid to me by Defendant in connection with the

resolution of *EEOC v. Monro, Inc., d/b/a Car-X Tire and Auto*, No. 22-cv-00220 (N.D. Ill.), I

waive my right to recover for any claims of sexual harassment and retaliation arising under Title

VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release

and that were included in the claims in the EEOC's complaint in *EEOC v. Monro, Inc., d/b/a Car-X*

*Tire and Auto.*


Signed: _____        Date: _____

      [Aggrieved Individual]

**EXHIBIT B**

## NOTICE TO DEFENDANT'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Monro, Inc., d/b/a Car-X Tire and Auto*, No. 22-cv-00220, resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Monro, Inc., d/b/a Car-X Tire and Auto.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting employees at auto service centers within District 93, which encompasses several locations in Illinois and Iowa, to sexual harassment and retaliating against an employee for opposing sexual harassment.

To resolve this case, the EEOC and Defendant have entered into a Consent Decree requiring, among other things, that:

1. Defendant will pay monetary damages to the employees who were affected by the violations;

2. Defendant is enjoined from subjecting employees to sexual harassment;

3. Defendant is enjoined from retaliating against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4. Defendant will adopt and distribute a policy against discrimination and harassment and provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees and has employees that speak Spanish and other languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Monro Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

DATED: 2/7/2023

The Hon. Franklin U. Valderrama

United States District Judge

**EXHIBIT C**

**District 93 Service Centers**

- 474 IL Route 173, Antioch, IL  60002

- 1410 Waterfront Dr., Iowa City, IA  52240

- 2720 Devils Glen Rd., Bettendorf, IA  52722

- 2205 E 53rd St., Davenport, IA  52807

- 5150 N. Western Ave., Chicago, IL  60625

- 212 Ogden Ave., Downers Grove, IL  60515

- 2737 N. Central Ave., Chicago, IL  60639

- 2509 N. Ashland Ave., Chicago, IL  60614

- 175 Dundee Ave., Elgin, IL  60120

- 4705 West Elm St., McHenry, IL  60050

- 3244 W. Irving Park Rd., Chicago, IL  60618